# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:10CV47RWS |
| SAVANNAH SWARTOUT, et al., | ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Medicine Shoppe International, Inc. initiated this lawsuit for breach of license agreement, breach of guaranty, unjust enrichment, and for an audit against Defendant S.B.S. Pill Dr, Inc., and its President, Defendant Savannah Swartout on January 12, 2010. Both defendants were served on January 19, 2010, and responsive pleadings were due February 9, 2010. On May 19, 2010, Medicine Shoppe moved for Clerk's Entry of Default, and the Clerk entered default on May 20, 2010.

Medicine Shoppe has moved for default judgment in the amount of $85,033.16, consisting of the sum of $81,261.76 in past due license fees and interest and $3,771.40 in attorneys' fees and costs. In support of its motion, Medicine Shoppe submitted the declaration of Kelly Cronin, the Audit Supervisor

at Medicine Shoppe, who declared that the past due license fees and interest amounted to $81,261.76. Cronin attached a "License Fee Reconciliation" that "accurately reflects the history of license fee accrual, interest accrual and payments as relates to Defendants and the Pharmacy." Upon review of the motion, exhibits and affidavits submitted by Medicine Shoppe, I find that Plaintiff has established under the License Agreement and Guaranty, Defendants owe $81,261.76 in past due license fees and interest.

Medicine Shoppe also seeks $3,771.40 in attorneys' fees and costs consisting of $3,236,80 in fees and $534.60 in costs. Medicine Shoppe submitted the declaration of its lead attorney, who declared that "[h]aving reviewed the bills, [he] believe[s] that the amount of time spent on this matter is reasonable and appropriate given the complexity of the claims presented," as well as invoices in support of the amount requested.

The License Agreement provides that "[t]he prevailing party in an proceeding or appeal shall be awarded its costs and expenses including, but not limited to, <u>reasonable</u> accounting, paralegal, expert witness and attorneys' fees and arbitrators' fees, whether incurred prior to, in preparation for or in contemplation of the filing of any written demand, claim, action, hearing or proceeding to enforce the obligations of this Agreement" (emphasis added). Based on the evidence

presented, I find that portions of the services performed by Plaintiff's attorneys were not reasonable and necessary to the litigation of this case because the requested amount appears to be inflated or unreasonable (i.e. billing 0.3 hours to review the case opening notification, 0.6 hours to review the docket text regarding returned executed summons, 0.3 hours to review a four-sentence order to move for default, 0.3 hours to review a three-sentence order granting additional time to move for entry of default, etc.), and I cannot rely on the attorney's assessment "that the amount of time spent on this matter is reasonable and appropriate given the complexity of the claims presented." As a result, I will reduce Medicine Shoppe's request for attorneys' fees by 50% and award $1,618.40 in fees. I will also award Medicine Shoppe $534.60 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Medicine Shoppe International, Inc's motion for default judgment [#10] is **GRANTED**. Plaintiff is entitled to judgment in the amount of $83,414.76.

Dated this 27th Day of May, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE